UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. SIMMONS, | No. 2:17-cv-0629 CKD P |
| Plaintiff, | |
| v. | <u>ORDER AND</u> |
| SCOTT KERNAN, | <u>FINDINGS AND RECOMMENDATIONS</u> |
| Defendant. | |

I. <u>Introduction</u>

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis and has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). However, the court will not assess a filing fee at this time. Instead, the undersigned will recommend summary dismissal of the complaint.

II. <u>Screening Standard</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

/////

1

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

III. Discussion

In his complaint, plaintiff alleges a laptop computer was stolen from an unidentified defendant and that the laptop contained "personal and confidential identification numbers and information" pertaining to plaintiff. Plaintiff references a letter from California Correctional Health Care Services informing plaintiff of a "potential breach" of his information on February 25, 2016, when an unencrypted laptop was stolen from the vehicle of one of their employees.

/////

2

First, plaintiff is required to establish standing for each claim he asserts. DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006). If a plaintiff has no standing, the court has no subject matter jurisdiction. Nat'l Wildlife Fed'n v. Adams, 629 F.2d 587, 593 n. 11 (9th Cir. 1980) ("[B]efore reaching a decision on the merits, we [are required to] address the standing issue to determine if we have jurisdiction."). There are three requirements that must be met for a plaintiff to have standing: (1) the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is both concrete and particularized and actual or imminent; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Wash. Legal Found. v. Legal Found. of Wash., 271 F.3d 835, 847 (9th Cir. 2001) (en banc). Here, plaintiff has not shown he has standing to sue because the complaint demonstrates only that the theft of the state's laptop has the potential to injure plaintiff. Plaintiff alleges no actual misuse of his personal information stemming from the theft.

Also, the complaint fails to state a claim for relief under federal law. The Fourth Amendment governs the reasonableness of government searches and seizures. Here, no government search or seizure is alleged. The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). However, "[i]t is well established that negligent conduct is ordinarily not enough to state a claim alleging a denial of liberty or property under the Fourteenth Amendment. See Doe v. Beard, 2014 WL 3507196, *6 (C.D. Cal. July 14, 2014), citing Daniels v. Williams, 474 U.S. 327, 330 (1986); Davidson v. Cannon, 474 U.S. 344, 347 (1986) ("[T]he Due Process Clause of the Fourteenth Amendment is not implicated by the lack of due care of an official causing unintended injury to life, liberty or property. In other words, where a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required.").

Plaintiff asserts he is not satisfied with the resolution of certain matters he pursued through his prison's grievance process with respect to the stolen laptop. However, plaintiff does not state a valid claim for violation of due process under the Fourteenth Amendment as plaintiff

1  suggests because plaintiff has no constitutional right to a prison grievance procedure at all and
2  therefore no right to a particular outcome.  Ramirez v. Galazza, 334 F.3d 850, 860 (9th Cir.
3  2003).
4  　　Because plaintiff fails to state a claim upon which relief can be granted under federal law,
5  the court does not have jurisdiction over any claims arising under California law.  28 U.S.C. §
6  1330 et seq.
7  IV.  No Leave to Amend
8  　　If the court finds that a complaint should be dismissed for failure to state a claim, the court
9  has discretion to dismiss with or without leave to amend.  Lopez v. Smith, 203 F.3d 1122, 1126-
10  30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the
11  defects in the complaint could be corrected, especially if a plaintiff is pro se.  Id. at 1130-31; see
12  also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given
13  leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely
14  clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v.
15  Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).  However, if, after careful consideration, it is clear
16  that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.
17  Cato, 70 F.3d at 1005-06.
18  　　The undersigned finds that, as set forth above, plaintiff lacks standing and plaintiff's
19  allegations show only speculative injury.  Furthermore, the court does not believe any addition of
20  facts to plaintiff's complaint could save the claims he presents.  As it appears amendment would
21  be futile, the court will recommend dismissal of plaintiff's complaint without leave to amend.
22  　　Accordingly, IT IS HEREBY ORDERED that:
23  　　1.  Plaintiff's request to proceed in forma pauperis (ECF No. 6) is granted; and
24  　　2.  The Clerk of the Court assign a district court judge to this case.
25  　　IT IS HEREBY RECOMMENDED that:
26  　　1.  Plaintiff's complaint be dismissed; and
27  　　2.  This case be closed.
28  /////

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."   Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 5, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
simm0629.lptp

5